UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

KIA MONTGOMERY, on behalf of herself
and all others similarly situated,

       Plaintiff,

v.

3300 CORP., d/b/a CLUB PINK CHAMPAGNE
AND SHOWGIRLS, a Florida Corporation,

       Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, KIA MONTGOMERY, on behalf of herself and all others similarly situated, hereby sue Defendant, 3300 CORP. d/b/a CLUB PINK CHAMPAGNE AND SHOWGIRLS ("Club Pink"), for violations of the Fair Labor Standards Act of 1938 ("FLSA"). As grounds, Plaintiff state as follows:

### Introduction

1. This case presents yet another attempt by an employer to evade the mandatory minimum wage and overtime provisions of the FLSA by improperly designating its core revenue-generating employees as independent contractors. As the Department of Labor explained in a recent Administrative Interpretation:

> Misclassification of employees as independent contractors is found in an increasing number of workplaces in the United States, in part reflecting larger restructuring of business organizations. When employers improperly classify employees as independent contractors, the employees may not receive important workplace protections such as the minimum wage, overtime compensation, unemployment insurance, and workers' compensation. Misclassification also results in lower tax revenues for government and an uneven playing field for employers who properly classify their workers. Although independent contracting relationships can be

1

advantageous for workers and businesses, some employees may be intentionally misclassified as a means to cut costs and avoid compliance with labor laws.[1] As alleged in more detail below, that is exactly what Club Pink is doing in this case.

2.  The core harms for which this case seeks redress arise from unpaid minimum wage and overtime under the FLSA. Congress designed the FLSA to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, are intended to prevent employers from pilfering the wages rightfully earned by their employees.[2]

3.  This case implicates an adult entertainment club which goes by the trade name of "CLUB PINK CHAMPAGNE AND SHOWGIRLS." Club Pink has a longstanding policy of misclassifying its employees as purported independent contractors. In doing so, Club Pink required and/or permitted Plaintiff, and others similarly situated, to work as exotic entertainers and/or dancers at their adult entertainment club in excess of forty (40) hours per week but refused to compensate them at the applicable minimum wage and overtime rates. In fact, Club Pink *refused to compensate Plaintiff at all* for the hours she and others like her worked. These dancers' only compensation was in the form of tips from club patrons—Club Pink paid these dancers nothing.

4.  Club Pink's conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

---

[1] *See* DOL Admin. Interp. No. 2015-1, at http://www.dol.gov/whd/workers/Misclassification/AI-2015_1.pdf; *see also Carlson v. FedEx Ground Package Systems, Inc.*, 787 F.3d 1313, 1323 (11th Cir. 2015) (reversing summary judgment on claims brought by delivery drivers under the Florida Deceptive and Unfair Trade Practices Act for actual damages sustained from their improper classification as independent contractors when they were, in fact, employees).

5. Furthermore, Club Pink's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Club Pink' practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206.

6. Plaintiff bring a collective action to recover the unpaid wages owed to them and all other similarly situated employees, current and former, of Club Pink at any time during the three-year period before this Complaint was filed up to the present ("FLSA Class Members"). These FLSA Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## The Parties, Jurisdiction and Venue

7. Plaintiff is a former exotic dancer at Club Pink adult entertainment club and, therefore, has first-hand personal knowledge of the pay violations that are alleged in this case.

8. The FLSA Class Members are all of Club Pink's current and former exotic entertainers who worked at Club Pink at any time during the three years prior to the filing of this Complaint up to the present.

9. Club Pink is a domestic corporation doing business in Florida for the purpose of accumulating monetary profit. This Court has personal jurisdiction over Club Pink because, among other reasons, its principle place of business is located in Florida.

10. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in the Southern District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District and Club Pink is located in this Judicial

---

[2] *See Billingsley v. Citi Trends, Inc.*, 560 Fed. Appx. 914 (11th Cir. 2014).

District. In particular, Club Pink's principle place of business is located at 3300 North Powerline Road, Pompano Beach, FL.

### Plaintiff and the FLSA Class Members Were and Are Club Pink's Employees

12. In an FLSA case, the following elements must be met. "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

13. Under the FLSA, employment is defined with "striking breadth." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947)). "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id*. (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id*. (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id*.

14. Here, Plaintiff and the FLSA Class Members provided the core services patrons paid Club Pink to see (*i.e.*, exotic dancing) and the dancers were totally economically dependent on Club Pink. Club Pink had the power to hire and fire Plaintiff and the FLSA Class Members, controlled their work schedules, and required them to work certain days during the week. Club Pink also provided training to Plaintiff and the FLSA Class Members, imposed rules with regard to how their dancing was performed, and controlled the types of clothing they wore. Club Pink also set the price for its customers to pay Plaintiff and the FLSA Class Members for various types of dances. The dancers were and are totally dependent on Club Pink to market, advertise, and generate customers

because, without customers, the dancers lack any paying audience before whom they could perform any dances at all.

15. One of the most striking aspects of Club Pink' FLSA violations in this case is that Club Pink actually forced Plaintiff and the FLSA Class Members to pay Club Pink in order to perform their work. For example, Club Pink required Plaintiff and the FLSA Class Members and all other entertainers to pay "house fees" depending on the day and shift the dancer was working. Plaintiff and the FLSA Class Members had to tip out certain employees at the end of their shift including, but not limited to, the DJ, the house mom, wait staff, floor men, security, and managers. In essence, Club Pink has attempted to implement an independent contractor structure such that it does not have to pay its core employees (*i.e.*, the exotic dancers who are an integral part of the adult entertainment club) any wages at all, and, even worse, they force those core employees to pay wages for other workers and overhead expenses of the club out of the employees' own pockets.

16. Plaintiff and the FLSA Class Members' job duties consisted of dancing in designated areas, at designated times, in designated ways, for Club Pink's customers at Club Pink's club. These job duties require little to no skill, Club Pink exercised ultimate control over the work, and the economic reality of such work is that these dancers were, in fact, employees.

17. Club Pink's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. In fact, federal courts across the country, including in Florida, have repeatedly held that the independent contractor structure Club Pink is utilizing violates the FLSA. *See, e.g., Harrell v. Diamond A Entm't, Inc.,* 992 F. Supp. 1343, 1348 (M.D. Fla. 1997) (finding that, as a matter of economic reality, there was an "employment relationship" between exotic dancer Plaintiff and the defendant club, despite the fact that the dancers signed a licensing agreement stating that they were independent contactors); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 928 (S.D.N.Y. 2013) ("[T]he

5

Court notes that it is not the first court to address whether exotic dancers at a strip club such as Rick's NY are employees under the FLSA. Nearly '[w]ithout exception, these courts have found an employment relationship and required the nightclub to pay its dancers a minimum wage.'").[3]

### Enterprise and Individual Coverage

18.     "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634- CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)). "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id.* (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

---

[3] *Citing Reich v. Circle C. Invest., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (affirming an injunction obtained by the Secretary of Labor under the FLSA to prevent an adult entertainment club from continuing to unlawfully treat exotic dancers as employees); *Thornton v. Crazy Horse, Inc.*, No. 3:06–CV–00251–TMB, 2012 WL 2175753 (D. Alaska June 14, 2012) (finding that exotic dancers were employees under the FLSA and the club's dancer compensation system "was intentionally structured to shift the risk of poor business to, and impose the expenses of running the business on, the individual dancers as if they were independent contractors as opposed to employees and evade the requirements of the FLSA…."); *Clincy v. Galardi S. Enters., Inc.*, 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011) (granting partial summary judgment for exotic dancers on the issue of whether they were employees versus independent contractors under the FLSA); *Thompson v. Linda and A. Inc.*, 779 F. Supp. 2d 139, 151 (D.D.C. 2011); *Morse v. Mer Corp.*, 2010 WL 2346334, at *6 (S.D. Ind. 2010); *Reich v. Priba Corp.*, 890 F. Supp. 586, 594 (N.D. Tex. 1995); *Martin v. Priba Corp.*, 1992 WL 486911, at *5 (N.D. Tex. 1992); *see also Doe v. Cin–Lan, Inc.*, No. 08–CV–12719, 2008 WL 4960170 (E.D. Mich. 2008) (in assessing motion for preliminary injunction, finding that dancer was substantially likely to succeed on claim that she is an employee under FLSA); *Jeffcoat v. Alaska Dep't of Labor*, 732 P.2d 1073 (Alaska 1987) (finding dancers to be employees under state labor laws modeled on FLSA).

19. At all material times, Club Pink has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

20. At all material times, Club Pink has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

21. Specifically, Club Pink's employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Club Pink's patrons.

22. Additionally, Club Pink's employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Club Pink's business operations.

23. Club Pink advertises on the internet, processes credit cards from out of state patrons, communicates via mail, email, and telephone with customers and vendors outside of Florida, and sells its merchandise across state lines.

24. Furthermore, Club Pink has had, and continues to have, an annual gross business volume in excess of the statutory standard.

25. At all material times, Plaintiff were individuals employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

26. At all material times, Club Pink was an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

**Additional Wage Violation Allegations**

27. Club Pink failed to pay Plaintiff and the FLSA Class Members they hired any compensation whatsoever.

28. Plaintiff and the FLSA Class Members were compensated exclusively by tips from Club Pink's customers.

29. Club Pink siphoned portions of Plaintiff and the FLSA Class Members' tips by requiring them to share their tips with other Club Pink employees who were and are not eligible to participate in an FLSA complaint tip pool.

30. Club Pink siphoned Plaintiff and the FLSA Class Members' tips by requiring them to pay for fees, including house fees and credit card fees from their tips.

31. Club Pink did not pay the Plaintiff and the FLSA Class Members for any hours, including overtime, worked at the club in violation of the FLSA.

32. Club Pink misclassified Plaintiff and the FLSA Class Members as independent contractors when they were, in fact, employees as that term is defined by the FLSA. Following are some example facts demonstrating that the dancers were, in fact, employees:

   a. Club Pink hired, fired and supervised the dancers.

   b. Club Pink set the schedule for the dancers.

   c. Club Pink controlled the details of the dancers' jobs, including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs' customers.

   d. Club Pink controlled the dancers' appearances with respect to their attire and makeup.

   e. Club Pink disciplined the dancers for not following club rules.

   f. Club Pink tracked the shifts and days the dancers worked just as is common for typical employer-employee relationships.

   g. Club Pink instructed the entertainers about when, where, and how the dancers were to perform their work.

    h. Many of the dancers were hired as permanent employees and have worked for Club Pink for years.

33. Club Pink misclassified Plaintiff and Class Members as independent contractors to avoid their obligations to pay them pursuant to the FLSA.

34. Plaintiff and Class Members are not independent contractors and they are entitled to minimum wage and overtime under the FLSA.

35. Although Plaintiff and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Club Pink for either minimum wages or overtime, both in violation of the FLSA.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

36. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

37. Club Pink's practice of failing to pay Plaintiff and FLSA Class Members time-and-a half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Plaintiff and the FLSA Class Members.

## COUNT TWO: VIOLATION OF 29 U.S.C. § 206

38. Plaintiff incorporate all allegations contained in the foregoing paragraphs.

39. Club Pink's practice of failing to pay Plaintiff and the FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206. In fact, Club Pink does not compensate the dancers at all for any hours worked.

40. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Plaintiff or the FLSA Class Members.

41. Club Pink failed to keep adequate records of Plaintiff and the FLSA Class Members' work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

42. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a) The time of day and day of week on which the employees' work week begins;

    b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e) The hours worked each workday and total hours worked each workweek;

    f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g) The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i) The dates, amounts, and nature of the items which make up the total additions and deductions;

    j) The total wages paid each pay period; and

    k) The date of payment and the pay period covered by payment. 29 C.F.R. 516.2, 516.5.

  43. Club Pink has not complied with federal law and has failed to maintain such records with respect to Plaintiff and the FLSA Class Members.  Because Club Pink's records are inaccurate and/or inadequate, Plaintiff and the FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference."  *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## FLSA COLLECTIVE ACTION ALLEGATIONS

  44. As part of its regular business practices, Club Pink has intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

  45. Although Club Pink permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, it denied them full compensation for their hours worked over forty.  Club Pink also denied them full compensation at the federally mandated minimum wage rate.

  46. The FLSA Class Members perform or have performed the same or similar work as Plaintiff.  In particular, Plaintiff and the FLSA Class Members all worked as exotic dancers under the same conditions and subject to the same violations of the FLSA.

  47. Many FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

  48. Club Pink has classified and continues to classify FLSA Class Members as independent contractors.

49. The FLSA Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

50. As such, the FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

51. Club Pink's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

52. The experiences of Plaintiff, with respect to their pay, are typical of the experiences of the FLSA Class Members.

53. The experiences of Plaintiff, with respect to their job duties, are typical of the experiences of the FLSA Class Members.

54. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

55. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

56. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

57. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a formula. The claims of all the FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Club Pink that caused harm to all the FLSA Class Members.

58. Plaintiff and the FLSA Class Members held the same job title: dancers and/or entertainers.

59. Club Pink has classified all of its entertainers as independent contractors from at least April, 2013 to present.

60. As such, the FLSA Class of similarly situated Plaintiff is properly defined as follows:

**The FLSA Class Members are all of Club Pink's current and former exotic dancers who worked at Club Pink at any time during the three years before this Complaint was filed up to the present.**

## REQUEST FOR RELIEF

For these reasons, Plaintiff and the FLSA Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a) Designation of this action as a collective action on behalf of the FLSA Class Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

b) Compensation for unpaid minimum wage and overtime owed under the FLSA

c) All misappropriated tips;

d) All misappropriated funds that were labeled as fees or otherwise;

e) An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

f) Interest as allowed under the FLSA;

g) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

h) Such other relief to which Plaintiff and the FLSA Class Members may be entitled, at law or in equity.

Dated: November 3, 2018.	Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ David Cozad*
DAVID M. COZAD, ESQ.
F.B.N.: 333920