UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 18-62683-CIV-COOKE/HUNT

KIA MONTGOMERY,

        Plaintiff,

v.

3300 CORP., d/b/a CLUB PINK
CHAMPAGNE AND SHOWGIRLS,
a Florida Corporation,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Defendant's Motion for Rule 11 Sanctions Against Plaintiff and her Counsel, ECF No. 23, filed on January 8, 2019. On November 5, 2018, the Honorable Marcia G. Cooke referred to the undersigned all non-dispositive, pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions. *See* ECF No. 4; *see* 28 U.S.C. § 636(b); *see also* S.D. Fla. L.R., Mag. R. 1. On February 5, 2019, the undersigned conducted a hearing on this Motion. Having carefully reviewed the Motion, the Response and Reply thereto, the court file, and applicable law, oral argument of counsel, as well as evidence submitted pursuant to the consent of the parties, the undersigned respectfully recommends that Defendant's Motion be DENIED.

## ANALYSIS

On November 3, 2019, Plaintiff filed her Complaint alleging violations of the Fair Labor Standards Act ("FLSA").  Plaintiff alleges that Defendant, an adult entertainment club, failed to pay its exotic entertainers and/or dancers the required minimum wage and overtime rates.  The Complaint indicates that the dancers' only compensation was in the form of tips from club patrons.  On January 8, 2019, Defendant filed its Motion for Rule 11 Sanctions against Plaintiff and her Counsel.

Rule 11 imposes on an attorney who signs a pleading "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances."  *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991).  The Eleventh Circuit has stated that "three types of conduct warrant imposition of sanctions under Rule 11: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose."  *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1987) (en banc).  An objective standard of reasonableness governs whether a Rule 11 violation has occurred. *Id.*  "In assessing the propriety of Rule 11 sanctions, [the court] asks: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous."  *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).  Further, a claim is to be assessed for reasonableness as of the time that Plaintiff "submitted" the Complaint.  Fed. R. Civ. P. 11 advisory committee note to 1983 amendment.   In fact, the advisory

committee note to the 1993 amendment states that "in other circumstances, it [the Rule 11 Motion] should not be served until the other party has had a reasonable opportunity for discovery."

Prior to filing suit, Plaintiff's counsel indicated that he conducted an interview with his client and, based on his experience litigating these actions associated with similar establishments, her facts were consistent and detailed. Additionally, Plaintiff, through her counsel, sent a pre-suit demand letter to Defendant on August 16, 2018, stating that Plaintiff was intending to file a lawsuit against Defendant pursuant to the FLSA.

Specifically, in the pre-suit demand letter, Plaintiff stated that she began working for Defendant as an exotic dancer in 2015 and worked until her termination in 2017. She stated she worked approximately 30 hours a week and was not paid any minimum wage or overtime for hours worked in excess of 40 hours per week, which she alleged occurred on certain weeks. This letter was sent to Defendant's Registered Agent attached to an email which was acknowledged by the Registered Agent and forwarded to Defendant. ECF No. 26-1. Plaintiff's counsel then sent four follow-up emails to the Registered Agent over the next three weeks, and received no responses. The last email, sent on October 19, 2018, provided a final deadline of October 22, 2018, to hear back from Defendant before suit would be filed. Suit was filed on November 3, 2018, and Defendant was served on November 4, 2018. At no time during this pre-suit period did Defendant provide any response, and never claimed not to know who Plaintiff was or that she was not a dancer at the establishment. Defendant failed to raise these arguments until after Plaintiff's Complaint was filed.

One week after being served, Defendant filed a Motion to Dismiss that raises essentially the same arguments raised in the instant Motion for Rule 11 sanctions.[1] Defendant alleges in his Motion to Dismiss and Motion for Rule 11 sanctions that Plaintiff's Complaint is a "cookie-cutter lawsuit" with no basis because Plaintiff provided no documentation to support the Statement of Claim. Plaintiff responds that, as is common in this industry and as alleged in the Complaint, no payments were made to her, so therefore there is no documentation such as time sheets or pay checks to provide.

Further, in her Response to the Motion for Sanctions, Plaintiff filed with this Court a December 17, 2016 police report that indicates that Plaintiff, a dancer at the club, had an altercation with the manager at the club. ECF No. 26-2. The responding officer who took the report, as well as another dancer, are listed by Plaintiff on her witness list as individuals who can verify that Plaintiff did work at the club. Defendant presents two other internal club incident reports that indicate that Plaintiff was a customer at the club, not a dancer, ECF No. 27-2, even though one of the incidents occurred in the dressing room, ECF No. 27-1. Certainly, the police report at ECF No. 26-2 confirms that Plaintiff's counsel still has a reasonable belief that his client was a dancer at the club and validates his filing of his initial Complaint.

Defendant also argues that records showing an arrest and appearances in Pennsylvania on June 28, 2017, and July 28, 2017, would belie that Plaintiff was employed by Defendant at the time in question. ECF No. 30. The undersigned does not find this broad sweeping argument persuasive or evidenced by the documents presented.

---

[1] The undersigned makes clear that no analysis or findings are being made as it pertains to the merits of the Motion to Dismiss that is currently pending before the District Court.

There is no evidence that Plaintiff was incarcerated during any of the two-year period at issue here. Rather, the documents simply show that Plaintiff may have presented herself for court appearances. Defendant admitted that it did not know the length of time Plaintiff may have been in Pennsylvania. Likewise, the documents do not evidence the length of time Plaintiff may have been in Pennsylvania. Whether her Pennsylvania court appearances would have caused her to miss any work is unknown. As such, this evidence goes to the issue of amount of alleged damages, not to whether Plaintiff was ever employed by Defendant, or whether at the time of filing Plaintiff's counsel had a reasonable basis to file this lawsuit. The undersigned finds that Plaintiff and her counsel have demonstrated that there was a reasonable basis to file suit.

For the reasons stated above, the undersigned finds no basis to warrant the imposition of Rule 11 sanctions in the instant case.[2]

### **RECOMMENDATION**

Accordingly, the undersigned recommends that Defendant's Motion for Rule 11 Sanctions Against Plaintiff and her Counsel, ECF No. 23, filed on January 8, 2019, be DENIED. The undersigned also recommends that Plaintiff's request for fees and costs related to this Motion, contained in her Response, be DENIED as well.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above

---

[2] Plaintiff also alleges that the immediacy of Defendant's filing of this Motion evidences that Defendant simply seeks to intimidate Plaintiff into withdrawing her claims and that she is entitled to her reasonable expenses, including attorney's fees, incurred for responding to the Rule 11 Motion. The undersigned finds that this request should be denied as well. Defendant argues that Plaintiff was a customer and never was a dancer and Plaintiff argues that she was a dancer. Each arguably has a reasonable belief in their positions and neither justifies imposition of sanctions against the other.

findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Fort Lauderdale, Florida this 14th day of February, 2019.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
The Honorable Marcia G. Cooke

All Counsel of Record