UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KIA MONTGOMERY, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) Case No. 18-cv-62683 |
| v. | )<br>) |
| 3300 CORP., D/B/A CLUB PINK CHAMPAGNE AND SHOWGIRLS, a Florida corporation, | )<br>)<br>)<br>) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

- i -

**TABLE OF CONTENTS**

I. STANDARD OF REVIEW ..................................................................................................1

II. ARGUMENT .......................................................................................................................2

    A. Plaintiff Has No Article III Standing to Sue Club Pink Under the FLSA Because Plaintiff Was Not Affiliated with Club Pink But Was Instead a Two-Day Customer Who Was Twice Ejected from Club Pink for Being Drunk and Violent..................................................................................................2

III. CONCLUSION....................................................................................................................3

Pursuant to Rule 56, Defendant 3300 Corp., d/b/a Club Pink Champagne and Showgirls, (hereinafter referred to as "Defendant" or "Club Pink"), respectfully submits the following motion for summary judgment against Plaintiff Kia Montgomery (hereinafter referred to as "Plaintiff"), incorporates the accompanying statement of material facts ("SMF"), incorporates the accompanying declaration of Wayne Abbott, and states as follows:

## I.   STANDARD OF REVIEW

This Court has previously articulated the following standard of review for summary judgment under Rule 56:

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).
>
> "The party moving for summary judgment 'bears the initial responsibility of informing the district court of the basis for its motion.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265, (1986)). Once the moving party makes the required showing, the burden shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings. *Id*. at 1315. Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).
>
> When the non-moving party bears the burden of persuasion at trial, the party moving for summary judgment may satisfy Rule 56's burden of production by either (i) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim," or (ii) demonstrating to the court that "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 331. "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id*.

*Baca v. Florida Roofing Solutions, Inc.*, No. 12–21802–Civ, 2013 U.S. Dist. LEXIS 38563, at *6 (S.D. Fla. Mar. 20, 2013) (Cooke, J.). As set forth herein, Defendant is entitled to summary judgment against Plaintiff.

II.     ARGUMENT

    A.     **Plaintiff Has No Article III Standing to Sue Club Pink Under the FLSA Because Plaintiff Was Not Affiliated with Club Pink But Was Instead a Two-Day Customer Who Was Twice Ejected from Club Pink for Being Drunk and Violent**

Plaintiff filed a two-count complaint against Club Pink under the overtime and minimum wage provisions of the Fair Labor Standards Act of 1938 ("FLSA"). [SMF, ¶1]. Plaintiff alleges that she "is a former exotic dancer" at Club Pink. [SMF, ¶1]. Moreover, in Plaintiff's Court-ordered statement of claim, Plaintiff specified that she "worked an average of 30 hours per week from November of 2015 to October of 2017 for [Club Pink]." [SMF, ¶2].

However, the undisputed record demonstrates that Plaintiff was not a "former exotic dancer" at Club Pink and that Plaintiff falsely claims an affiliation with Club Pink. [SMF, ¶¶3-18]. Instead, Plaintiff was an admittedly drunk and repeatedly-violent customer of Club Pink, with no affiliation to Club Pink, whom management asked to leave the premises on two separate occasions – December 10, 2016 and December 17, 2016. [SMF, ¶¶3-18]. There is no evidence that Plaintiff had any affiliation with Club Pink at any time, other than being an (unwelcomed) customer on December 10, 2016 and December 17, 2016. [SMF, ¶¶3-18].

Plaintiff's witness list merely copies the names from a December 17, 2016 police report documenting Plaintiff being an admittedly drunk and violent customer of Club Pink. [SMF, ¶14]. To that point, Plaintiff has not submitted any testimony from herself, signed documents from herself, nor signed statements from herself in this case. [SMF, ¶¶3-18]. Indeed, Plaintiff did not appear at the February 5, 2019 hearing on Defendant's Rule 11 motion. [SMF, ¶15].

In reality, and in stark contrast to the farce perpetrated by Plaintiff in Plaintiff's Court-ordered statement of claim that Plaintiff was somehow a 30-hour a week "exotic dancer" at Club Pink from "November of 2015 to October of 2017," Plaintiff was actually a criminal fugitive from

Pennsylvania from August 2015 until July 2017 and was physically present in Pennsylvania court in July 2017 to post bond and clear her criminal fugitive status. [SMF, ¶¶12-13].

Thus, because Plaintiff was merely a two-day customer of Club Pink and was not "a former exotic dancer" at Club Pink, Plaintiff has no Article III standing to assert FLSA claims against Club Pink. *See*, *e.g.*, *Florida Roofing Solutions, Inc.*, 2013 U.S. Dist. LEXIS 38563, at *1-*5 (summary judgment entered against FLSA plaintiff where "Plaintiff testified that he has no documents supporting his claim.") (Cooke, J.); *see also Lifrak v. N.Y. City Council*, 389 F. Supp. 2d 500, 506 (S.D.N.Y. 2005).

For that reason, moreover, Plaintiff also has no Article III standing to pursue collective action allegations against Club Pink. *See*, *e.g.*, *Perez v. Wells Fargo and Co.*, No. C 14–0989, 2015 WL 1887354, at *4 (N.D. Cal. Apr. 24, 2015); *cf. Griffin v. Singletary*, 17 F.3d 356, 361 (11th Cir. 1964); *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010).

Accordingly, Defendant is entitled to judgment as a matter of law forthwith against Plaintiff and this Court should, for that reason, grant the instant motion for summary judgment. Defendant should prevail against Plaintiff on all claims and Plaintiff should take nothing from this action.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, reasons to be stated in further submissions and *ore tenus* if necessary, Defendant respectfully asks this Court to grant this motion for summary judgment.

DATED:  April 16, 2019                                              CULLIN O'BRIEN LAW, P.A.
                                                                                        CULLIN A. O'BRIEN
                                                                                        Florida Bar No. 597341


                                                                                        *s/Cullin O'Brien*

- 4 -

CULLIN O'BRIEN

6541 NE 21st Way
Ft. Lauderdale, FL  33308
Telephone:  561/676-6370
561/320-0285 (fax)
cullin@cullinobrienlaw.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that he filed the foregoing and the accompanying exhibits with the ECF system and served same on counsel for Plaintiff this April 16, 2019.

*/s/ Cullin O'Brien*
CULLIN O'BRIEN
Florida Bar No. 0597341
cullin@cullinobrienlaw.com