UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KIA MONTGOMERY, on behalf of herself )
and all others similarly situated, )
 )
                            Plaintiffs, )
 ) Case No. 18-cv-62683
v. )
 )
3300 CORP., D/B/A CLUB PINK )
CHAMPAGNE AND SHOWGIRLS, )
a Florida corporation, )
 )

**DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

- i -

**TABLE OF CONTENTS**

I. STANDARD OF REVIEW ................................................................................................1

II. ARGUMENT .....................................................................................................................2

    A. Plaintiff Has No Article III Standing to Sue Club Pink Under the FLSA Because Plaintiff Was Not Affiliated with Club Pink But Was Instead a Two-Day Customer Who Was Twice Ejected from Club Pink for Being Drunk and Violent..................................................................................................2

III. CONCLUSION..................................................................................................................7

Pursuant to Rule 56 and this Court's October 24, 2019 Order, [Dkt. No. 84], Defendant 3300 Corp., d/b/a Club Pink Champagne and Showgirls, (hereinafter referred to as "Defendant" or "Club Pink"), respectfully submits the following renewed motion for summary judgment against Plaintiff Kia Montgomery (hereinafter referred to as "Plaintiff" or "Montgomery"), incorporates the accompanying statement of material facts ("SMF"), and states as follows:

I.   **STANDARD OF REVIEW**

This Court has previously articulated the following standard of review for summary judgment under Rule 56:

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).
>
> "The party moving for summary judgment 'bears the initial responsibility of informing the district court of the basis for its motion.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265, (1986)). Once the moving party makes the required showing, the burden shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings. *Id*. at 1315. Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).
>
> When the non-moving party bears the burden of persuasion at trial, the party moving for summary judgment may satisfy Rule 56's burden of production by either (i) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim," or (ii) demonstrating to the court that "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 331. "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id*.

*Baca v. Florida Roofing Solutions, Inc.*, No. 12–21802–Civ, 2013 U.S. Dist. LEXIS 38563, at *6 (S.D. Fla. Mar. 20, 2013) (Cooke, J.). As set forth herein, Defendant is entitled to summary judgment against Plaintiff on all claims and counterclaims in this case.

## II. ARGUMENT

### A. Plaintiff Has No Article III Standing to Sue Club Pink Under the FLSA Because Plaintiff Was Not Affiliated with Club Pink But Was Instead a Two-Day Customer Who Was Twice Ejected from Club Pink for Being Drunk and Violent

Plaintiff re-filed a two-count complaint against Club Pink under the overtime and minimum wage provisions of the Fair Labor Standards Act of 1938 ("FLSA"). [SMF, ¶1]. Plaintiff alleges that she "is a former exotic dancer" at Club Pink. [SMF, ¶1]. In Plaintiff's Court-ordered statement of claim, Plaintiff specified that she "worked an average of 30 hours per week from November of 2015 to October of 2017 for [Club Pink]." [SMF, ¶2]. In paragraphs 8 through 10 of Plaintiff's amended complaint, Plaintiff further alleges that:

> 8  . . . Plaintiff worked for Club Pink from November of 2015 up through October of 2017.
> 9  Specific to Plaintiff, she worked an average of three days per week from around 11:30 am to 9-10:00 pm, estimating to be around 30 hours per week, which fit within her school schedule.
> 10  However, certain weeks when Plaintiff was on break from school, Plaintiff would work more when she picked up additional shifts, exceeding 40 hours per week, while other weeks where she could not work at least three days, she would be less than 30 hours.

[SMF, ¶3].

In response to the re-filed complaint, Club Pink filed a counterclaim against Plaintiff seeking a declaratory judgment that (a) Plaintiff was not an employee at Club Pink from November of 2015 up through October of 2017; (b) Plaintiff was not a performance artist at Club Pink from November of 2015 up through October of 2017; and, (c) Defendant was not Plaintiff's employer. [SMF, ¶39].

The undisputed record demonstrates that Plaintiff was not a "former exotic dancer" at Club Pink and that Plaintiff falsely claims an affiliation with Club Pink. [SMF, ¶¶4-38]. Instead, Plaintiff was an admittedly drunk and repeatedly-violent customer of Club Pink, with no affiliation

- 2 -

to Club Pink, whom management asked to leave the premises on two separate occasions – December 10, 2016 and December 17, 2016. [SMF, ¶¶4-38]. There is no evidence that Plaintiff had any affiliation with Club Pink at any time, other than being an (unwelcomed) customer on December 10, 2016 and December 17, 2016. [SMF, ¶¶4-38].

Plaintiff has not produced a single document showing that she "worked an average of 30 hours per week from November of 2015 to October of 2017 for [Club Pink]," as she alleges in her Court-ordered statement of claim. [SMF, ¶12]. Club Pink has an absolute, unwavering and strictly-enforced policy of obtaining government-issued ID's and a contractual signature from anyone seeking a staff position or seeking to be an affiliated performance artist independent contractor at Club Pink. [SMF, ¶4]. Club Pink has no contractual signature on file for Plaintiff. [SMF, ¶5].

Club Pink had never heard of Plaintiff prior to the filing of Plaintiff's lawsuit. [SMF, ¶6]. Club Pink could not even confirm that Plaintiff ever stepped foot in Club Pink until months after the lawsuit on January 14, 2019, which is the date when Plaintiff produced a December 17, 2016 police report. [SMF, ¶7]. Once Plaintiff produced the December 17, 2016 police report, Club Pink was able to locate two incident reports about Plaintiff in that December 2016 time-frame. [SMF, ¶8]. One incident report from December 17, 2016 documents Plaintiff being a customer who was drunk, in an altercation, and asked to leave after refusing and stating that she would not leave "until she beats that bitches' ass." [SMF, ¶9]. Another incident report from December 10, 2016 documents Plaintiff being a customer who was getting loud at the bar with another customer, who was noticeably drunk, who had to be cut-off at the bar, who argued with the manager, and who eventually left Club Pink. [SMF, ¶10]. The December 17, 2016 police report has a blank in the "Employer Name" section of the report for Plaintiff, and does not name Club Pink as Plaintiff's employer. [SMF, ¶11].

In reality, and in stark contrast to the farce perpetrated by Plaintiff in Plaintiff's Court-ordered statement of claim that Plaintiff was somehow a 30-hour a week "exotic dancer" at Club Pink from "November of 2015 to October of 2017," Plaintiff was actually a criminal fugitive from Pennsylvania from August 2015 until July 2017 and was physically present in Pennsylvania court in July 2017 to post bond and clear her criminal fugitive status. [SMF, ¶¶13-14].

A legion of witnesses have unequivocally testified that Montgomery was not a performance artist at Club Pink, after being shown Montgomery's mugshot photo from *State of Florida v. Kia Montgomery*, Case No. 19001622CF10A (Broward Cir. Ct.), [Dkt. No. 56-1], after being shown photos of Montgomery taken by a private investigator after this lawsuit was filed, or after seeing Montgomery in person at the Court-ordered mediation, [SMF, ¶¶17-27]:

- **Forever Hamilton** – the only performance artist listed as a witness by Montgomery,[1] who was at Club Pink the second time Montgomery was ejected for drunken violence, [SMF, ¶18];

- **Ernie Alvarez** – a Club Pink manager who was at Club Pink when Montgomery was twice ejected for drunken violence, who is listed by Plaintiff as a witness, on whom Montgomery called the police, and against whom no charges were filed, [SMF, ¶19];

- **Wayne Abbott –** Club Pink's owner who, as previously testified, [Dkt. No. 39-2], undertook a herculean effort to even determine who Montgomery was when Montgomery and her counsel starting demanding money in exchange for not filing a lawsuit, and who is listed as a witness by Plaintiff, [SMF, ¶20];

- **Keegan Mitchell** – a Club Pink bartender who worked at Club Pink between November 2015 to October 2017, [SMF, ¶21];

- **Decius Ambroise** – a regular customer at Club Pink since before November 2015, [SMF, ¶22];

---

[1] Montgomery merely copied Forever Hamilton's name from a December 17, 2016 police report documenting Montgomery being an admittedly drunk and violent customer of Club Pink. [SMF, ¶16].

- **George Schmidt** – credit card processing technician at Club Pink since before November 2015, [SMF, ¶23];

- **Jerry Kees** – a regular customer at Club Pink since before November 2015, who recognized Montgomery from the Port Hole Pub, [SMF, ¶24];

- **Tillman Durham** – Club Pink security personnel, [SMF, ¶25];

- **Rohan Brown** – Club Pink security personnel, [SMF, ¶26]; and,

- **Steve Wright** – a regular customer at Club Pink since before November 2015, [SMF, ¶27].

The witnesses have also verified that Montgomery was an unwelcomed customer of Club Pink on two different occasions and was ejected from Club Pink on both occasions for (admittedly) being drunk and violent. [SMF, ¶¶8-10, 28]. Montgomery was arrested and is being prosecuted for robbery at Club Iguana, where she engaged in the same type of behavior Montgomery engaged in when Montgomery was ejected from Club Pink. *See State of Florida v. Kia Montgomery*, Case No. 19001622CF10A (Broward Cir. Ct.); [SMF, ¶29]. For instance, at Club Pink, Montgomery was drunk, in an altercation, and was asked to leave after refusing and stating that she would not leave "until she beats that bitches' ass." [SMF, ¶29]. Recently, at Club Iguana, Montgomery appeared to be drunk and admitted to the police to "snatching that bitches chain" and otherwise told the police, "yea I snatched that bitches chain," numerous times. [SMF, ¶29].

It is beyond the pale that Montgomery and Montgomery's counsel expect this Court to believe the outlandish concept that Montgomery somehow danced at Club Pink for nearly a year after her drunk and violent attack on December 17, 2016 when she called the police on club management. [SMF, ¶30]. Particularly in the wake of tragedies like the Pulse Nightclub shooting, Club Pink is exceedingly vigilant in ensuring safety at the venue. [SMF, ¶31]. There are multiple levels of evaluation, from the moment a person steps onto the parking lot until the person reaches the metal detectors at the door. [SMF, ¶32]. Plaintiff and her repeated behavior on December 10,

2016 and December 17, 2016 posed a security threat. [SMF, ¶33]. Plaintiff would have never been welcomed back into Club Pink as a patron after December 17, 2016, much less as a dancer, *i.e.*, a performance artist. [SMF, ¶34].

Montgomery and Montgomery's counsel don't even know what time Club Pink opens. Montgomery claims that Club Pink opened at 11:30am when, in reality, it does not open until 1pm. [SMF, ¶35]. The Port Hole Pub, a completely distinct entertainment venue opens at 11:30am, which is where Montgomery has been spotted dancing. [SMF, ¶36].

Indeed, the whole concept that Plaintiff would be a performance artist an average of 30 hours a week, with an upwards of 50 hours a week, from November 2015 to October 2017, as Plaintiff alleges, is nonsensical. [SMF, ¶37]. Dancers do not perform that many hours, much less at the same venue. [SMF, ¶38].

Thus, because Plaintiff was merely a two-day customer of Club Pink and was not "a former exotic dancer" at Club Pink, Plaintiff has no Article III standing to assert FLSA claims against Club Pink. *See*, *e.g.*, *Florida Roofing Solutions, Inc.*, 2013 U.S. Dist. LEXIS 38563, at *1-*5 (summary judgment entered against FLSA plaintiff where "Plaintiff testified that he has no documents supporting his claim.") (Cooke, J.); *see also Lifrak v. N.Y. City Council*, 389 F. Supp. 2d 500, 506 (S.D.N.Y. 2005).

For that reason, moreover, Plaintiff also has no Article III standing to pursue collective action allegations against Club Pink. *See*, *e.g.*, *Perez v. Wells Fargo and Co.*, No. C 14–0989, 2015 WL 1887354, at *4 (N.D. Cal. Apr. 24, 2015); *cf. Griffin v. Singletary*, 17 F.3d 356, 361 (11th Cir. 1964); *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010).

Accordingly, Defendant is entitled to judgment as a matter of law forthwith against Plaintiff. This Court should grant the instant motion for summary judgment. Defendant should

prevail against Plaintiff on all claims Plaintiff has against Plaintiff, [Dkt. No. 48, ¶¶40-72], and Plaintiff should take nothing from this action. Moreover, Defendant should prevail on Defendant's declaratory action count against Plaintiff, [Dkt. No. 49, ¶¶1-43, 48-53], such that this Court should declare that (a) Plaintiff was not an employee at Club Pink from November of 2015 up through October of 2017; (b) Plaintiff was not a performance artist at Club Pink from November of 2015 up through October of 2017; and, (c) Defendant was not Plaintiff's employer.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, reasons to be stated in further submissions and *ore tenus* if necessary, Defendant respectfully asks this Court to grant this renewed motion for summary judgment.

DATED: October 24, 2019

CULLIN O'BRIEN LAW, P.A.
CULLIN A. O'BRIEN
Florida Bar No. 597341

*s/Cullin O'Brien*
CULLIN O'BRIEN

6541 NE 21st Way
Ft. Lauderdale, FL 33308
Telephone: 561/676-6370
561/320-0285 (fax)
cullin@cullinobrienlaw.com

Attorney for Defendant

### CERTIFICATE OF SERVICE

Undersigned counsel certifies that he filed the foregoing with the ECF system and served same on counsel for Plaintiff this October 24, 2019.

*/s/ Cullin O'Brien*
CULLIN O'BRIEN
Florida Bar No. 0597341
cullin@cullinobrienlaw.com