UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KIA MONTGOMERY, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>3300 CORP., D/B/A CLUB PINK CHAMPAGNE AND SHOWGIRLS, a Florida corporation, | )<br>)<br>)<br>)<br>)<br>) Case No. 18-cv-62683<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION FOR A DEFAULT AGAINST PLAINTIFF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(a) ON COUNT II OF DEFENDANT'S COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 55(a), Defendant 3300 Corp., d/b/a Club Pink Champagne and Showgirls, (hereinafter referred to as "Defendant") moves for a default against Plaintiff Kia Montgomery (hereinafter referred to as "Plaintiff") on Count II of Defendant's Counterclaims, [Dkt. No. 49, ¶¶1-43, 48-53]. Accordingly, Defendant states:

## MOTION AND INCORPORATED MEMORANDUM OF LAW

1. Plaintiff re-filed a lawsuit against Club Pink under the Fair Labor Standards Act of 1938 ("FLSA") that this Court already dismissed. *Montgomery v. 3300 Corp.*, No. 18-62683, 2019 U.S. Dist. LEXIS 109731, at *1 (S.D. Fla. June 28, 2019) (Cooke, J.).

2. In response, Defendant filed a two-count counterclaim against Plaintiff. [Dkt. No. 49]. Count II of Defendant's counterclaims seeks a declaratory judgment that (a) Plaintiff was not an employee at Club Pink from November of 2015 up through October of 2017; (b) Plaintiff was not a performance artist at Club Pink from November of 2015 up through October of 2017; and, (c) Defendant was not Plaintiff's employer. [Dkt. No. 49, ¶¶1-43, 48-53].

3. Plaintiff moved to dismiss the counterclaims. [Dkt. No. 53].

4. On October 21, 2019, this Court dismissed Count I of Defendant's counterclaims but upheld Count II of Defendant's counterclaims, which is Defendant's counterclaim for a declaratory judgment. [Dkt. No. 82].

5. Because this Court's ruling upholding Count II of Defendant's counterclaims occurred on October 21, 2019, Plaintiff had until November 4, 2019 to file an answer to Count II of Defendant's counterclaims. *See* Fed. R. Civ. P. 12(a)(4)(A).

6. Plaintiff failed to do so. Plaintiff has not filed an answer to Count II of

1

Defendant's counterclaims. Instead, on November 4, 2019, Plaintiff requested "clarification" of this Court's October 21, 2019 ruling, falsely stating to this Court that this Court did not uphold Count II of Defendant's counterclaims. [Dkt. No. 89].

7. Plaintiff's failure to answer in response to Count II of Defendant's counterclaims is severely prejudicing Defendant and Defendant's right to a "just, speedy, and inexpensive determination" of Count II. Fed. R. Civ. P. 1. Moreover, Plaintiff's failure to answer in response to Count II of Defendant's counterclaims is particularly vexatious considering that Defendant submitted a re-filed motion for summary judgment pursuant to this Court's October 24, 2019 order. [Dkt. No. 84].

8. Federal Rule of Civil Procedure Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, ***the clerk must enter the party's default***." (emphasis added).

9. Accordingly, Defendant moves this Court to enter a default against Plaintiff on Count II of Defendant's counterclaims pursuant to Rule 55(a).

**Pre-Filing Conference Pursuant to S.D. Fla. L.R. 7.1(a)(3)**

Defendant met and conferred via email with Plaintiff prior to filing this motion and Plaintiff opposes this motion.

DATED:  November 18, 2019                               CULLIN O'BRIEN LAW, P.A.
                                                        CULLIN A. O'BRIEN
                                                        Florida Bar No. 597341


                                                        *s/Cullin O'Brien*
                                                        CULLIN O'BRIEN

                                      6541 NE 21st Way
                                      Ft. Lauderdale, FL  33308
                                      Telephone:  561/676-6370
                                      561/320-0285 (fax)
                                      cullin@cullinobrienlaw.com

                                      Attorney for Defendant

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that he filed the foregoing with the ECF system and served same on counsel for Plaintiff this November 18, 2019.

                                      */s/ Cullin O'Brien*_____
                                      CULLIN O'BRIEN
                                      Florida Bar No. 0597341
                                      cullin@cullinobrienlaw.com