UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-62683-Civ-COOKE/HUNT

KIA MONTGOMERY,
on behalf of herself and all others similarly situated,

    Plaintiff,
vs.

3300 CORP. d/b/a
CLUB PINK CHAMPAGNE AND SHOWGIRLS,

    Defendant.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before me on Defendants' Motion for Summary Judgment. ECF No. 85. I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided below, Defendants' Motion for Summary Judgment is **DENIED**.

### BACKGROUND

On July 12, 2019, Plaintiff Kia Montgomery, on behalf of herself and all others similarly situated, filed an Amended Complaint[1] against Defendant 3300 Corp., d/b/a Club Pink Champagne and Showgirls ("Club Pink") to recover overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"). Ms. Montgomery alleges that she was employed by Club Pink as a performing artist from November 2015 through October 2017 where she worked for approximately 30 hours per week. Amend. Comp. ¶¶8-10. Ms. Montgomery further alleges that she was not paid any minimum wage or overtime

---

[1] On June 28, 2019, the Court dismissed the initial Complaint without prejudice and permitted Ms. Montgomery an opportunity to file an amended complaint. ECF No. 47.

for hours worked in excess of 40 hours per week, which she alleged occurred on certain weeks. *Id.*

Club Pink moved for summary judgment on the grounds that[2]: (i) Plaintiff was not an employee at Club Pink from November 2015 through October 2017; (ii) Plaintiff was not a performance artist at Club Pink from November 2015 through October 2017; and (iii) Club Pink was not Ms. Montgomery's employer.  Defs.' Mot. for Summ. J. pp.4-7. As such, Ms. Montgomery has no Article III standing to pursue FLSA claims against Club Pink. Rather, Club Pink maintains that Ms. Montgomery was a repeatedly-violent customer of Club Pink, with no affiliation to Club Pink, whom management asked to leave the premises on two separate occasions – December 10, 2016 and December 17, 2016. Def.'s Statement of Material Facts ("DSMF") ¶¶4-38. Club Pink further maintains that it has an "absolute, unwavering and strictly enforced policy of obtaining government-issued ID's and a contractual signature from anyone seeking a staff position or seeking to be an affiliated performance artist independent contractor at Club Pink." DSMF ¶4. Club Pink states that it has no contractual signature on file for Plaintiff. DSMF ¶5. As evidence, Club Pink submits "a legion of witnesses"—ten declarations from individuals closely affiliated with Club Pink, each affirming that Ms. Montgomery was not an employee at Club Pink:

- Forever Hamilton – a Club Pink performance artist, DSMF ¶18;
- Ernie Alvarez – a Club Pink manager, DSMF ¶19;
- Wayne Abbott – Club Pink's owner, DSMF ¶20;
- Keegan Mitchell – a Club Pink bartender who worked at Club Pink from November 2015 to October 2017, DSMF ¶21;
- Decius Ambroise– a regular Club Pink customer since before November 2015, DSMF ¶22;
- George Schmidt – a Club Pink credit card processing technician, DSMF ¶23;

---

[2] Club Pink maintains that Ms. Montgomery was never employed by Club Pink and makes no distinction as to whether Ms. Montgomery is an independent contractor or a wage employee pursuant to FLSA.

- Jerry Kees – a regular Club Pink customer since before November 2015, DSMF ¶24;
- Tillman Durham – Club Pink security personnel, DSMF ¶25;
- Rohan Brown– Club Pink security personnel, DSMF ¶26; and,
- Steve Wright – a regular Club Pink customer at since before November 2015, DSMF ¶27.

In her Response, Ms. Montgomery argues that summary judgment should be denied as premature because she has not had any opportunity to complete, or even conduct discovery prior to the Defendant's filing of this motion. Resp. to Defs.' Mot. for Summ. J. pp.3-5. Ms. Montgomery further argues that there exists a factual issue for a jury as to whether the Plaintiff was a customer or dancer. *Id.*

With respect to the issue of her employment with Club Pink, Ms. Montgomery disputes that she was never an employee at Club Pink and asserts that she completed paperwork to that effect upon her hiring. Plaintiff's Statement of Material Facts ¶¶4-5. Ms. Montgomery has also submitted a police report dated December 17, 2016, which refers to an "altercation at Club Pink between dancer and manager." ECF No. 41-3. Specifically, the police report notes several facts that give rise to a reasonable conclusion that Ms. Montgomery was indeed a Club Pink employee at the time of the altercation:

- "Montgomery noted that she is an exotic dancer for the club,"
- Ms. Montgomery was pushed "out of the club naked."
- Ms. Montgomery "previously had a physical altercation with another dancer; resulting in the club suspending her."
- Ms. Montgomery claimed that "management treats her unfairly."
- Defendant's Manager, Ernie Alvarez, "stated that Montgomery and another dancer were arguing in the dressing room."
- Ernie Alvarez "escorted Montgomery out the rear door. He noted that Montgomery was not fully dressed; however they retrieved her belongings from the dressing room escorting her out of the club."
- A witness/dancer, Forever "Hamilton advised she was in the dressing room during the altercation. She observed Montgomery in a heated argument with another dancer. As it escalated, Alvarez and security separated the dancers without incident and proceeded to escort Montgomery out of the club."

3

*Id.* at p.4. In addition, Plaintiff has provided affidavits of two non-party witnesses, Felix Johnson, ECF No. 76-1, and Gladstone B. Perrin, Jr., ECF No. 76-2, who have both sworn under penalty of perjury that Plaintiff did, in fact, work as an exotic dancer for the Defendant. Mr. Johnson's affidavit states that, from approximately 2017 to 2018, he drove Ms. Montgomery to Club Pink for her to work as a dancer, and at the end of her shift he picked her up. ECF No. 76-1. Mr. Johnson stated that there were a number of weeks that he drove Ms. Montgomery to Club Pink four to five times a week, with her typical shift being between 12:00 PM and 9:00 PM. *Id.* Mr. Johnson also stated that he had no reason to believe that Ms. Montgomery was at Club Pink for any reason other than to work as a dancer. *Id.* Mr. Perrin asserts that he met Ms. Montgomery at Club Pink in late 2015, early 2016, when he was a customer at Club Pink. ECF No. 76-1. Mr. Perrin further asserts that when he met Ms. Montgomery she was working as an exotic dancer. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

"The party moving for summary judgment 'bears the initial responsibility of informing the district court of the basis for its motion.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986)). Once the moving party makes the required showing, the burden shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings. *Id*. at 1315. Any inferences drawn from the

4

underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

When the non-moving party bears the burden of persuasion at trial, the party moving for summary judgment may satisfy Rule 56's burden of production by either (i) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim," or (ii) demonstrating to the court that "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 331. "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id*.

## Discussion

**A. Defendant's Motion for Summary Judgment is Premature.**

Club Pink seeks summary judgment on Ms. Montgomery FLSA's claim arguing that the "uncontroverted evidence" shows that Ms. Montgomery was never employed by Club Pink. Plaintiff, on the other hand, contends that she *was* employed by Club Pink as a performing dancer and argues that summary judgment is premature because the parties have not engaged in discovery. Plaintiff further argues that summary judgment is precluded in the instant case because genuine issues exist as to whether Ms. Montgomery was an employee at Club Pink.

"Rule 56 presumes that a party opposing summary judgment has been afforded an opportunity to conduct sufficient discovery so that it might be able to show that there does exist a genuine issue of material fact." *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F.Supp.2d 1278, 1287 (S.D. Fla. 2005). In fact, "the Eleventh Circuit has stated that the common denominator among the Supreme Court's three seminal summary judgment opinions is 'the

5

Court's caveat that summary judgment may only be decided upon an adequate record.'" *Id.* (citing *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)). As a result, "the law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997).

Here, the parties have not completed, or even conducted discovery prior to Club Pink's filing of this motion. Indeed, Club Pink's refused to even coordinate a Rule 26 conference with Ms. Montgomery, purportedly because its Motion to Dismiss and Motion to Stay were still pending. The Court has since made a ruling on the Motion to Dismiss and Motion to Stay. Yet, the parties have failed to engage in any meaningful discovery. *See Blumel v. Mylander*, 919 F.Supp.423 (M.D. Fla. 1996) (denying summary judgment as premature due to inadequate discovery time, and where motion to dismiss was pending and defendant had not yet answered complaint). Thus, it cannot be said that this matter is ripe for summary judgment.

### B. Plaintiff's Employment

It is clear that there remains a factual dispute as to whether Ms. Montgomery was employed by Club Pink. Here, Club Pink has submitted ten declarations from its own affiliates stating that Ms. Montgomery was not employed by Club Pink. Club Pink also asserts that it regularly maintains contracts with its employees but has no such contract with respect to Ms. Montgomery in its records. Notably, Club Pink has not produced any such records, under seal or otherwise, substantiating this fact. *Levey v. Wells Fargo Bank, N.A.*, 2015 WL 12533125, at *1, (S.D. Fla. Feb. 17, 2015) (summarily denying without prejudice a motion for partial summary judgment when each allegedly "undisputed fact" was not

supported by a reference to the record or supporting exhibit). Ms. Montgomery for her part has submitted a police report dated December 17, 2016, which indicates that she was an employee at Club Pink. In addition, Plaintiff has provided affidavits of two non-party witnesses who have both sworn that Plaintiff did, in fact, work as an exotic dancer for the Defendant. *See Bost v. Federal Express Corp.*, 372 F.3d 1233, 1237 (11th Cir. 2004) ("A genuine issue of material fact exists if the jury could return a verdict for the non-moving party"). Accordingly, summary judgment is inappropriate at this juncture.

## CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion for Summary Judgment, ECF No. 85, is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this xx day of August 2020.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*